UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOVLY AKTER,                                Civil Action No.: 14cv1194
and SANDRA GREEN,

                          Plaintiffs,                    **AMENDED**

       -against-                                   **CLASS ACTION COMPLAINT**


CREDIT BUREAU OF NAPA COUNTY, INC.,   **DEMAND FOR JURY TRIAL**

                       Defendant(s),
-----------------------------------------------------------X

Plaintiffs, LOVLY AKTER, and SANDRA GREEN ("Plaintiffs"), by and through their attorneys, M. Harvey Rephen & Associates, P.C., as and for their Complaint against the Defendant, CREDIT BUREAU OF NAPA COUNTY, INC., (hereinafter referred to as "Defendant(s)"), respectfully set forth, complain and allege, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiffs bring this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff LOVLY AKTER is a resident of the State of New York, residing at 15050 86th Avenue, PH, Jamaica, New York 11432-3308.

3.    Plaintiff SANDRA GREEN WILLIAMS is a resident of the State of New York, residing at 10 West 158th Street, New York, New York 10087.

4. Defendant CREDIT BUREAU OF NAPA COUNTY, INC. is a California corporation with an office at 1247 Broadway, Sonoma, California 95476.

5. Plaintiffs are "consumers" as defined by the FDCPA, 15 USC §1692 a (3).

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

9. Plaintiffs bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiffs' Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors,

employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

10. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

11. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

12. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiffs and the Class have been injured by Defendant's conduct; (c) Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

14. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

15. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

16. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

17. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

19. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

20. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected

rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

21.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

22.    Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

### PLAINTIFF LOVLY AKTER

23.    Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from the Plaintiffs.

24.    In or around February, 2013, Plaintiff AKTER received a notice from Defendant dated February 15, 2013 which expressed the following: "We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation.  It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt." Defendant offered four payment options and thereafter stated, "If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800-622-0484 (toll-free).  When you call, please let your representative know that you have received the CHASE

Receivables Option Letter." The letters went on to warn, "If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity."

25. The aforementioned letters provided a return address to CHASE RECEIVABLES, A Professional Collection Agency and was signed, "Sincerely, Chase Receivables."

<u>PLAINTIFF SANDRA GREEN</u>

26. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from the Plaintiff.

27. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by placing a telephone call to Plaintiff on or about November 13, 2013 and leaving a voice message.

28. Defendant's voice message consisted of a female voice identifying Defendant as "Chase Receivables" and stating, "Please call us back at 877 256 2510. That number once again is 877 256 2510. This call is from a debt collector."

29. Defendant's message was heard by Plaintiff's cousin, Kenneth Coleman, who resides with Plaintiff. Mr. Coleman placed a telephone call to the number provided and was connected to a representative. Mr. Coleman asked the representative for whom the message was intended and was informed that the

message was intended for Plaintiff.

## CAUSE OF ACTION
### *(Violations of the FDCPA)*

30. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

### PLAINTIFFS LOVLY AKTER

31. 15 USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

32. 15 USC §1692 e (14) prohibits a debt collector from the use of any business, company or organization name other than the true name of the debt collector's business, company or organization.

33. Defendant's written mass-produced communications purport to be sent from an entity, i.e., "Chase Receivables" and all identification and contact information contained throughout the correspondence, including the signature represents that Defendant is Chase Receivables and not Defendant, in clear violation of 15 USC §1692 e preface and e (14).

34. Pursuant to the terms of 15 USC §1692 f-preface, a debt collector is prohibited from using any unfair or unconscionable means to collect a debt.

### PLAINTIFF SANDRA GREEN

35. 15 USC §1692c (b) prohibits a debt collector from disclosing to a third party without permission from the consumer that the consumer is being

contacted by a debt collector concerning a debt.

36. The Defendant violated 15 USC §1692c (b) by communicating to the Plaintiff's cousin, Kenneth Coleman, that the Plaintiff was being contacted by a debt collector.

37. 15 USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

38. 15 USC §1692 e (14) prohibits a debt collector from the use of any business, company or organization name other than the true name of the debt collector's business, company or organization.

39. Defendant's identification of itself as "Chase Receivables" in both the above referenced letter and voice message and not Defendants true name of Credit Bureau of Napa Valley, is in clear violation of 15 USC §1692 e preface and e(14).

40. As a result of Defendant's neglect and carelessness in leaving a telephone message on a voice mail accessible to a third party and providing using Plaintiff SANDRA GREEN's name to a third part in connection to debt collection disclosures, Plaintiff suffered shame and embarrassment and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained because of Defendant's failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA) and other violations of the FDCPA.

41. As a result of Defendant's violations of the FDCPA, all Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

42. Plaintiffs hereby respectfully request a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
March 5th, 2014

Respectfully submitted,

By: /s/ M. Harvey Rephen
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582
*Attorney for the Plaintiffs* LOVLY AKTER, and SANDRA GREEN

To:   Credit Bureau of Napa County, Inc.
      1247 Broadway
      Sonoma, CA 95476

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Eastern District of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.: 14cv 1194

LOVLY AKTER,
and SANDRA GREEN,

                Plaintiffs,

-against-

CREDIT BUREAU OF NAPA COUNTY, INC.,

                Defendant(s).

_____

Amended
CLASS ACTION COMPLAINT

_____

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930
Facsimile: (212) 330-7582

_____